IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30580
Summary Calendar

_____

ROBERT L. WHITE,

Plaintiff-Appellant,

versus

HOWARD ZERANGUE, Etc.; ET AL.,

Defendants,

HOWARD ZERANGUE, Individually and in his official capacity
as Sheriff of St. Landry Parish; AUGUST DUROUSSEAU, Individually
and in his official capacity as Deputy Sheriff of St. Landry
Parish; J. H. WIMBERLY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1569
--------------------
December 30, 2002

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Robert L. White (White), an inmate in the St. Landry Parish
Correctional Center, appeals from the dismissal of his 42 U.S.C.
§ 1983 complaint against several state law enforcement officers for
their alleged failure to protect him from an assault by fellow

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

inmates while in their custody. The attack occurred on August 20, 2000, and White filed his complaint a year and a day later. The district court granted the defendants' motion to dismiss, finding that White's claims had prescribed.

White concedes that his complaint was filed untimely on its face, but he contends that his cause of action accrued only when he was advised by an attorney on September 13, 2000, that he might have a civil rights claim against the defendants. White argues that the Louisiana civil law doctrine of contra non valentem applies to suspend the tolling of prescription against him until he discovered that he may have had such a claim.

The district court's ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is subject to de novo review. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

In actions brought under 42 U.S.C. § 1983, state law determines whether the statute of limitations is suspended because the plaintiff is incarcerated. Pete v. Metcalfe, 8 F.3d 214, 217 (5th Cir. 1993). Under Louisiana law, the incarceration of the plaintiff, in and of itself, does not suspend the running of prescription. Clark v. Mrs. Fields Cookies, 1997-0397 (La. 1/21/98), 707 So. 2d 17, 21 n.8. White does not allege any other facts that warrant the application of the doctrine of contra non valentem or any other tolling doctrine.

Therefore, even construing White's complaint liberally in his favor and assuming the truth of all the facts he had pleaded, he

2

has failed to carry his burden of proving that his cause of action has not prescribed. <u>Oliver</u>, 276 F.3d at 740. There is no relief that could be granted White under any set of facts that could be proven consistent with his conclusional allegations. <u>Bulger</u>, 65 F.3d at 49. Because White's cause of action was clearly prescribed, the district court did not err in dismissing his complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Accordingly, the judgment of the district court is hereby

AFFIRMED.